IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,122-02






EX PARTE JAMES BIRTRANT COLEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09378 IN THE 90TH DISTRICT COURT


FROM YOUNG COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and
sentenced to six years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel rendered ineffective assistance because he failed to
determine that Applicant had not been convicted of assault in cause number 0403109, interview the
complainant, and investigate the offense and evidence from Graham Psychological Associates. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant's claim. In his response, counsel shall state, among other
things, whether he investigated cause number 0403109 and shall describe his investigation of
Applicant's case. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall first determine whether Applicant
was convicted in cause number 0403109 and, if not, he has a previous conviction that would have
elevated his offense to a third degree felony. Tex. Pen. Code § 22.01(b)(2). The trial court shall
then determine whether counsel's conduct was deficient and, if so, Applicant would have pleaded
not guilty but for this deficient conduct. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall
also direct the District Clerk to forward a copy of the reporter's record of the guilty plea hearing, if
it exists. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 6, 2013

Do not publish